IGNAICA S. MORENO, Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Chief
ERIK E. PETERSEN, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044 7369
Telephone: (202) 305 0339
Facsimile: (202) 305 0275
Email: Erik.Petersen@usdoj.gov

Attorneys for Federal Defendants∗

**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF HAWAI'I**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, and TURTLE ISLAND RESTORATION NETWORK,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL MARINE FISHERIES SERVICE, UNITED STATES DEPARTMENT OF COMMERCE, and REBECCA BLANK, Acting Secretary of the U.S. Department of Commerce,<br><br>    Defendants. | CIVIL NO. 12-00363 BMK<br><br>**STIPULATED SETTLEMENT AGREEMENT; ORDER** |

---

∗ Pursuant to Local Rule 10.2(b), the complete list of parties represented is set forth on the signature page.

## STIPULATED SETTLEMENT AGREEMENT

Plaintiffs, the Center for Biological Diversity and the Turtle Island Restoration Network, and the Federal Defendants, Rebecca Blank, in her official capacity as Acting Secretary of the United States Department of Commerce, the National Marine Fisheries Service ("NMFS"), and the Department of Commerce, by and through their undersigned counsel, state as follows:

WHEREAS, on January 19, 2010, NMFS established a take reduction team for Hawai'i's false killer whales pursuant to the Marine Mammal Protection Act, 16 U.S.C. § 1387(f);

WHEREAS, NMFS subsequently released a draft take reduction plan for public comment, with the public comment period ending on October 17, 2011, 76 Fed. Reg. 42,082 (July 18, 2011);

WHEREAS, on June 25, 2012, Plaintiffs filed a complaint for declaratory and injunctive relief in the U.S. District Court for the District of Hawai'i, alleging that NMFS failed to issue a final take reduction plan for Hawai'i's false killer whales, Dkt. No. 1;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Plaintiffs' claims, have reached a settlement that they consider to be a just, fair,

adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before November 30, 2012, the Federal Defendants shall submit to the Federal Register for publication a final take reduction plan for Hawai'i's false killer whales and implementing regulations.

2. The Order entering this Stipulated Settlement Agreement ("Agreement"), including the deadline specified in Paragraph 1, may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties will meet and confer (in-person not required) at the earliest possible time

in a good-faith effort to resolve the claim before pursuing relief from the Court. If the parties are unable to resolve the claim after meeting and conferring, either party may pursue relief from the Court.

     3.    In the event that the Federal Defendants fail to meet the deadline specified in Paragraph 1 and the Federal Defendants have not sought to modify that deadline, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

     4.    No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a final take reduction rule under 16 U.S.C. § 1387 in any other proceeding regarding NMFS' implementation of the MMPA.

     5.    This Agreement requires Federal Defendants only to take actions by the deadline specified in Paragraph 1 and does not limit NMFS' authority with regard to the substantive outcome of any decision. To challenge any final decision issued in accordance with this Agreement, Plaintiffs will be required to file a separate action. Plaintiffs do not waive their ability to challenge the substantive decision made by Federal Defendants pursuant to Paragraph 1, and Federal Defendants do not waive any applicable defenses.

6.  Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), Defendants agree to settle all of Plaintiffs' claims for costs and attorneys' fees in this matter for a total of $10,000.00. An electronic funds transfer will be made payable in that amount ($10,000) to Earthjustice. Defendants agree to submit to the Finance Director all necessary paperwork for the processing of the attorneys' fee award within 10 days of the receipt of the necessary information from Plaintiffs or the approval of this Agreement by the Court, whichever is later.

7.  Plaintiffs agree to accept payment of $10,000.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in this matter through and including the date of this Agreement. Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

8.  By this Agreement, Federal Defendants do not waive any right to contest fees claimed by Plaintiffs, including the hourly rate, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in this or any other attorneys' fees litigation.

9. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the Marine Mammal Protection Act, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the MMPA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any decision required herein, or as to the substance of any final decision.

10. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

11. Nothing in this Agreement may be cited by either party in connection with any other administrative or judicial proceeding in order to demonstrate acquiescence to the time deadlines provided in this Agreement or for any other reason.

12. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

13. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

14. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

15. Upon approval of this Agreement by the Court, all counts of Plaintiffs' complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Respectfully submitted this 16th day of October, 2012.

IGNAICA S. MORENO
Assistant Attorney General
SETH M. BARSKY, Section Chief

 /s/ *Erik Petersen*
ERIK E. PETERSEN, Trial Attorney
D.C. Bar No. 489073
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
D.C. Bar No. 489073
Telephone: (202) 305-0339

Facsimile: (202) 305-0275
Email: Erik.Petersen@usdoj.gov

Attorneys for Federal Defendants


DAVID L. HENKIN      #6876
CAROLINE C. ISHIDA  #9475
EARTHJUSTICE
223 South King Street, Suite 400
Honolulu, Hawai'i 96813
Telephone: (808) 599-2436
Facsimile: (808) 521-6841
Email: dhenkin@earthjustice.org

By:   /s/ David L. Henkin
      David L. Henkin

Attorneys for Plaintiffs


APPROVED AND SO ORDERED:

DATED:  Honolulu, Hawaii, October 17, 2012.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge


Center for Biological Diversity et al v. National Marine Fisheries Service, et al; Cv. No. 12-00363 BMK; Stipulated Settlement Agreement; Order.